# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| YUNG LE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-1071 |
| | § | Judge Mazzant |
| LOCKHEED MARTIN CORP., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Lockheed Martin Corporation's Motion to Transfer Venue (Dkt. #9). Having considered the motion, the response, and the relevant pleadings, the Court finds that Defendant Lockheed Martin Corporation's Motion to Transfer Venue (Dkt. #9) should be **GRANTED**.

## BACKGROUND

This is an employment dispute. Plaintiff Yung Le ("Le") alleges that he was discriminated and retaliated against by his former employer, Lockheed Martin Corporation ("Lockheed") in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C § 1981, and the Age Discrimination in Employment Act ("ADEA") (Dkt. #2 ¶¶ 134–183)).

## I.     Factual Background

Lockheed is a corporation with an unincorporated division, Lockheed Martin Aeronautics Company ("LM Aero"), headquartered in Fort Worth, Texas (Dkt. #9 at p. 6; Dkt. #9, Exhibit 1 ¶ 1). From May 1983 to February 2022, Le worked in the LM Aero division at Lockheed (Dkt. #9

at pp. 5–6).  During that time, Le served as a business development executive in charge of the Northern European region (Dkt. #2 ¶ 31). Le resided in Tarrant County, Texas at the time of the filing of the Complaint (Dkt. #2 ¶ 1). He now resides in Flower Mound, Denton County, Texas (Dkt. #10, Exhibit 1 at p. 1).

Le alleges that, in 2021, a Lockheed sales executive named Randy Howard ("Howard") asked Le when he was planning to retire after learning that Le was sixty years old (Dkt. #2 ¶ 28). After Le responded that he had no plans to retire, Howard allegedly made several negative and false statements about Le's job performance, his compensation, and his leadership abilities (Dkt. #2 ¶¶ 28–32, 36–42).  Le also alleges that Howard made disparaging racial comments about Le's Vietnamese heritage (Dkt. #2 ¶ 33).

 Le further states that Lockheed made statements that he "should not be working for his age, that someone [was] after his job, and that his peers should also not be working because of old age" (Dkt. #2 ¶ 57).  Le alleges that he raised his concerns to Lockheed's "HR Vice President and Ethics" but that his claims were never investigated (Dkt. #2 ¶ 59).

Le alleges that in October 2021, he was accused of disparaging female employees and of harassing a subordinate, Kaci Dobbs (Dkt. #2 ¶¶ 45–60).  He further alleges that three months later, Howard sent a letter to Le's home in Tarrant County, Texas, notifying him that he was demoted and suspended for one week (Dkt. #9 at p. 7).  According to Le, on the same day that Lockheed notified him of his suspension, Lockheed offered him a lower-paying sales position in the Asia region, which he eventually accepted on January 31, 2022 (Dkt. #2 ¶¶ 63–68).

On February 3, 2022, Le made a formal claim of race, age, and gender discrimination to Lockheed's Vice President of Human Resources (Dkt. #2 ¶ 70).  On February 22, 2022, Howard

informed Le via a telephone call that Lockheed was terminating his  (Dkt. #9 at p. 7). During the phone call, Howard was physically in Fort Worth, Texas (Dkt. #9 at p. 7).  Le received a letter at his home in Tarrant County from Lockheed, notifying him of his employment termination (Dkt. #2 ¶ 75).

## II.   Procedural History

On December 22, 2022, Le initiated this case, alleging causes of action under 42 U.S.C. § 1981, Title VII, and the ADEA (Dkt. #2 ¶¶ 134–183).

On April 18, 2023, Lockheed moved to transfer this case to the Fort Worth Division of the United States District Court for the Northern District of Texas under 28 U.S.C. § 1404(a) (Dkt. #9).  On May 3, 2023, Le responded (Dkt. #10).  On May 10, 2023, Lockheed replied (Dkt. #11). On May 17, 2023, Le filed his sur-reply (Dkt. #14).

## LEGAL STANDARD

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen,* 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

3

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold inquiry is met, the Fifth Circuit has held the determination of convenience turns on eight factors, where "[n]o factor is of dispositive weight." *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023).

The four private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The four public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are neither exhaustive nor exclusive. *Id.*

The party seeking transfer of venue must show good cause for the transfer. *Id.* The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.*; *TikTok*, 85 F.4th at 358. The plaintiff's choice of venue is generally not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise

4

of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.  And while the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). "[A] district court abuses its discretion by denying transfer when 'not a single relevant factor favors the [plaintiff's] chosen venue.'" *TikTok*, 85 F.4th at 358 (quoting *Volkswagen II*, 545 F.3d at 318). A district court also "abuses its discretion by denying a motion to transfer when 'virtually all of the events and witnesses regarding the case . . . are in the transferee forum.'" *Id.* at 366 (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013)).

## ANALYSIS

Lockheed argues that this case should be transferred to the Northern District of Texas under § 1404. Neither party disputes that this case could have been filed originally in the Northern District of Texas. The Court therefore moves on to the second part of the transfer inquiry: if transfer is appropriate under the private and public interest factors. The Court finds that the factors tip towards transferring the case to the Northern District of Texas.

## I.    Public Interest Factors

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. The Court will consider each factor in turn.

**A.      The Administrative Difficulties Flowing from Court Congestion**

The first public interest factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963).  In the pending case, both parties agree that this factor is neutral (Dkt. #9 at p. 11 n.3; Dkt. #10 at p. 7). The Court finds this factor is neutral.

**B.      The Local Interest in Having Localized Interests Decided at Home**

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. "Important considerations include the location of the injury, witnesses, and the [p]laintiff's residence." *Def. Distributed v. Bruck*, 30 F.4th 413, 435 (5th Cir. 2022) (citations omitted). This factor recognizes that "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

The Court should "look not to 'the parties' significant connections to each forum . . . but rather the significant connections between a particular venue and the events that gave rise to a suit.'" *TikTok*, 85 F.4th at 364 (quoting *Def. Distributed*, 30 F.4th at 435). "[T]he place of the alleged wrong is one of the most important factors in venue determinations." *Id.* (quoting *Def. Distributed*, 30 F.4th at 435). "[T]his factors weighs heavily in favor of transfer [when] . . . there is no relevant factual connection to the [transferor district]." *Id.* (quoting *Volkswagen II*, 545 F.3d at 317–18). "Also, this factor can weigh against transfer when the 'citizens of [the transferor district] have a greater stake in the litigation than the citizens of [the transferee district].'" *Id.* (quoting *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 632 (5th Cir. 2022)).

Le currently resides in the Sherman Division of the Eastern District of Texas (Dkt. #10, Exhibit 1 at p. 1) and therefore the Sherman Division has some local interest. But the Court also recognizes that Le resided in the Northern District of Texas at the time of the filing of the Complaint (Dkt. #2 ¶  1). So the local interest derived from Le's new residence is small. Meanwhile, several other facts support a transfer on this factor. The events giving rise to this case occurred in the Northern District of Texas, including Le's termination, occurred at or were connected to LM Aero's facility in Fort Worth (Dkt. #9 at p. 6). "[T]he placed of the alleged wrong is one of the most important factors in venue determinations." *TikTok*, 85 F.4th at 364. Because Le's claims arise out of acts occurring at LM Aero, located in the Fort Worth Division, it indicates that the "Fort Worth Division [of the Northern District of Texas] has a strong local interest in deciding this case." *Moss v. Lockheed Martin Corp.*, No. 3:10-cv-1659-M, 2011 WL 197624, at *6 (N.D. Tex. Jan. 18, 2011).

While Le argues that "Title VII's special venue provision protects plaintiffs from the biases of a hometown community," the Court find that argument unavailing (Dkt. #10 at p. 8). Title VII's venue provision does allow plaintiffs to bring an action under Title VII "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . . ." 42 U.S.C. § 2000e-5(f)(3). But Le does not provide for the Court any evidence in support of any potential "hometown bias." And any potential concern Le has about juror bias may be addressed through voir dire. *See Bell v. Rock-Tenn*, No. 2:14cv1167-MHT, 2015 WL 1120271, at *4 (M.D. Ala. Mar. 12, 2015) ("Ordinarily, and particularly where all other factors of efficiency, justice, and convenience weigh heavily in favor of litigation in a forum allegedly subject to concerns of a biased jury pool, such concerns can be quite adequately addressed by the use of *voir dire* in the jury

selection process.") (citing *Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991)). Accordingly, the Court finds this factor weighs heavily in favor of transfer.

### C.   Familiarity of the Forum with Governing Law

This factor "considers the current district's 'familiarity with the law that will govern the case.'" *TikTok*, 85 F.4th at 365 (quoting *Volkswagen II*, 545 F.3d at 315). Both parties agree that this factor is neutral (Dkt. #9 at p. 11 n.3; Dkt. #10 at p. 8). The Court finds this factor is neutral.

### D.   Avoidance of Conflict of Laws

The final public interest factor "seeks to avoid 'unnecessary problems of conflict of laws or in the application of foreign law.'" *Def. Distributed*, 30 F.4th at 436 (quoting *Volkswagen II*, 545 F.3d at 315). Both parties agree that this factor is neutral (Dkt. #9 at p. 11 n.3; Dkt. #10 at p. 8). The Court finds this factor is neutral.

## II.   Private Interest Factors

Next, the Court considers the private interest factors. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315.

### A.   The Relative Ease of Access to Sources of Proof

This factor "focuses on the location of 'documents and physical evidence relating to the [case].'" *TikTok*, 85 F.4th at 358. This relative ease of access to sources of proof is still a relevant part of the transfer analysis despite technological advances that have made transporting large volumes of documents across the country more convenient. *Volkswagen II*, 545 F.3d at 316. "That

means this factor weighs in favor of transfer where the current district lacks any evidence relating

to the case." *TikTok*, 85 F.4th at 358. "But when 'the vast majority of the evidence [is] electronic,

and therefore equally accessible in either forum[,]' this factor bears less strongly on the transfer

analysis." *Id.* (quoting *Planned Parenthood*, 52 F.4th at 630).

   The parties seem to agree that all documents and physical evidence are located within the

Northern District of Texas (Dkt. #9 at p. 11; Dkt. #10 at pp. 4–5), which would seem to indicate

favor of transfer. *See Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 5:19CV11-RWS-CMC, 2019 WL

7875058, at *16 (E.D. Tex. Nov. 25, 2019) (quoting *Radmax*, 720 F.3d at 288) ("The Fifth Circuit

found the relative ease of access to sources of proof weighed in favor of transfer 'because all of the

documents and physical evidence [were] located in the [transferee district].'"), *report and

recommendation adopted*, No. 5:19-CV-00011-RWS-CMC, 2020 WL 428080 (E.D. Tex. Jan. 28,

2020). However, Le asserts the documents would be produced electronically, therefore

"minimiz[ing] whatever inconvenience there may be" (Dkt. #10 at p. 5). Lockheed does not rebut

the assertion that the documents would be produced electronically, or that electronic documents

would not be "equally accessible in either forum." *See TikTok*, 85 F.4th at 358 (quoting *Planned

Parenthood*, 52 F.4th at 630). So under current precedent of *Planned Parenthood* and *TikTok*, the

Court finds that this factor weighs just slightly in favor of transfer because the documents

themselves are located in the Northern District of Texas but are equally accessible in either forum.

### B.    The Availability of Compulsory Process

   The second private interest factor considers the availability of compulsory process to

secure the attendance of witnesses. *Id.* at 360 (citing *Volkswagen II*, 545 F.3d at 315). This factor

"receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Id.* (quoting *Planned Parenthood*, 52 F.4th at 630–31).

A court's subpoena power is governed by the Federal Rules of Civil Procedure 45. FED. R. CIV. P. 45. "For purposes of § 1404(a), there are three important parts to Rule 45." *Garrett v. Hanson*, 429 F. Supp. 3d 311, 318 (E.D. Tex. 2019) (citing *VirtualAgility, Inc. v. Salesforce.com*, Inc., No. 2:13-cv-00011, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014)). The Court "has subpoena power over witnesses that live or work within 100 miles of the courthouse." *Id.* (citing FED. R. CIV. P. 45(c)(1)(A)). "Second, [this Court] has subpoena power over residents of the state in which the district court sits—a party or a party's officer that lives or works in the state can be compelled to attend trial, and non-party residents can be similarly compelled as long as their attendance would not result in 'substantial expense.'" *Id.* (quoting FED. R. CIV. P. 45(c)(1)(B)(i)-(ii)). "Third, [this Court has the] power to compel a non-party witness's attendance at a deposition within 100 miles of where the witness lives or works." *Id.* (citing FED. R. CIV. P. 45(a)(2), (c)(1)).

Here, Lockheed does not allege or show that any witness would be unwilling to testify. *See TikTok*, 85 F.4th at 360. In the absence of such a showing, the Court finds that this factor is neutral.

### C.    Cost of Attendance for Willing Witnesses

"The third private factor, which considers the conveniences for witnesses who attend willingly, has been described as the most important factor." *Seagen Inc. v. Daiichi Sankyo Co., Ltd.*, 546 F. Supp. 3d 515, 531 (E.D. Tex. 2021) (citations omitted). In considering the availability and convenience of witnesses, a court must concentrate primarily upon the availability and convenience of key witnesses. *Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002). The Fifth Circuit uses a "100-mile thresh-old" to assess this factor. *TikTok*, 85 F.4th

10

at 361 (citing *Volkswagen II*, 545 F.3d at 315). "When the distance between an existing venue for trial . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *Id.* While the Court can consider imposed costs on witnesses when the proposed transfer is within the 100 mile threshold, "this factor has greater significance when the distance is greater than 100 miles." *Radmax*, 720 F.3d at 289.

The Forth Worth and Sherman courthouses sit less than 100 miles apart from each other, so this factor, while relevant, receives less significance. *See id.* Le, as a key witness himself, lives in the Eastern District of Texas (Dkt. #10, Exhibit 1 at p. 1). Le names only one key witness, Patrick Sheahan. Sheahan lives within the Eastern District of Texas[1] (Dkt. #10 at p. 6) and is employed by Lockheed in the Northern District of Texas (Dkt. #11, Exhibit 1 at p. 1). While Le only identifies Sheahan as a key witness, the Court assumes that the six individuals Le names in his Complaint will also be key. The individuals named in the Complaint[2] work in the Northern District of Texas (Dkt. #9, Exhibit 1 ¶¶ 6–9).

The Court finds this factor neutral. Le, living in the Eastern District of Texas, would have slightly more convenience litigating in the Eastern District of Texas. One of the individuals named in the Complaint, Kaci Dobbs, lives in Parker County and works in Tarrant County, placing both her residence and work locations in the Northern District of Texas and therefore making the

---

[1] Le claims Sheahan resides in Roanoke, Denton County, which is part of the Eastern District of Texas (Dkt. #10, Exhibit 1 at p. 1). Lockheed claims Sheahan resides in Keller, Tarrant County, which is part of the Northern District of Texas (Dkt. #11, Exhibit 1 at p. 1). "When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits and declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *Garrett v. Hanson*, 429 F. Supp. 3d at 317. Because the parties contest Sheahan's residence, the Court resolves in favor of Le and will consider Sheahan a resident of the Eastern District of Texas for purposes of this Order.
[2] The individuals named in the Complaint are Randy Howard, Erin Mosely, Tara Lause, Kaci Dobbs, and Julia Novikoff (Dkt. #2 at pp. 6–7, 9–10).

Northern District of Texas slightly more convenient for her (Dkt. #9, Exhibit 1 ¶ 8 (identifying workplace); Dkt. #11, Exhibit 2 at p. 3 (identifying residence)). The Count considers Sheahan neutral as he lives in the Eastern District of Texas but works in the Northern District of Texas. As to other key witnesses, Lockheed only identifies their work location but does not identify counties of residence, so the Court finds the factor neutral as to those witnesses. Accordingly, the Court finds this factor neutral.

      **D.**    **Other Practical Problems**

The Court "considers all other practical problems that make trial of a case easy, expeditious, and inexpensive." *TikTok*, 85 F.4th at 362 (quoting *Volkswagen II*, 545 F.3d at 315). Le contends that a transfer would cause great delay as the case has been pending in the Sherman Division (Dkt. #10 at p. 7). The case is in the early phases of litigation, with a scheduling order not in place. The Court finds that this factor is neutral.

**III.**    **Plaintiff's Choice of Venue**

Le views the "most important issue" to the venue inquiry under Title VII to be his own choice of venue and the great deference the Court should give that choice (Dkt. #14 at p. 1). Le claims that "in cases involving special venue statutes, a plaintiff's choice of forum should 'rarely be disturbed'" (Dkt. #14 at p. 2). Le claims this deference arises because "the Title VII venue provision is logically explained 'by an intent to allow plaintiffs to assert venue outside the district where they experienced discrimination, perhaps on the assumption that Title VII plaintiffs were most likely to face hostile courts or juries in that location'" (Dkt. #10 at p. 3 (citing *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005)).

The Court is not persuaded by Le's argument. "[I]t is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003). Le even cites to a Western District of Texas case that specifically notes the "Fifth Circuit would not accord greater deference to a plaintiff's choice under the special Title VII venue provision" (Dkt. #14 at pp. 1–2 (citing *Coleman v. Trican Well Serv., L.P.*, 89 F. Supp. 3d 876, 881 (W.D. Tex. 2015)).  So while the Court recognizes that under Title VII's venue provision, venue is *proper* in the Eastern District of Texas, it nonetheless analyzes whether transfer is appropriate under § 1404(a) and does not give conclusive deference to that choice.

## IV.   Summary

The Court finds that two factors weigh in favor of transfer, while six factors are neutral. Although only two factors weigh in favor of transfer, the Court finds that the Northern District of Texas is the clearly more convenient forum because the local interests weigh so heavily in favor of that Division. The Court also recognizes it should grant a motion to transfer with "virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *Radmax*, 720 F.3d at 290. Other than Le's move to the Eastern District of Texas after this lawsuit was filed, nothing connects this case to the Eastern District of Texas. The Court will thus exercise its discretion and transfer this case to the Fort Worth Division of the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

It is therefore **ORDERED** that the Defendant Lockheed Martin Corporation's Motion to Transfer Venue (Dkt. #9) should be **GRANTED**.

13

It is further **ORDERED** that this case is **TRANSFERRED** to the Fort Worth Division of the Northern District of Texas.

**IT IS SO ORDERED.**

 **SIGNED this 18th day of December, 2023.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE